United States District Court
Southern District of Texas
ENTERED
September 29, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ANDERSON YEMIL SANCHEZ CABALLERO, | § | |
| | § | |
| Petitioner, | § | CIVIL ACTION NO. H-26-2782 |
| | § | |
| vs. | § | |
| | § | |
| WARDEN, Montgomery Processing Center, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER**

The petitioner is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenges the petitioner's continued detention. The petitioner argues that the immigration detention has now become unreasonably long, violating the Fifth Amendment's Due Process Clause. After a careful review of the petition, the parties' responses, the record, and the applicable law, *see Banegas Avila v. Frink*, No. CV H-26-916, 2026 WL 976144, at *3 (S.D. Tex. Apr. 10, 2026); *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 433 (3d Cir. 2026); *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 210 (3d Cir. 2020), the court agrees.[1]

---

[1] The respondents argue that the Third Circuit's four-factor test should not apply. But as the court explained, the throughline in the Supreme Court's detention case law is that "an alien 'could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified.'" *Banegas Avila*, 2026 WL 976144, at *3 (quoting *Demore v. Kim*, 538 U.S. 510, 532 (2003) (Kennedy, J., concurring)). The Third Circuit's factors implement this principle. The length of detention has become unreasonable if it has lasted for six or more months, is likely to continue for a substantial period of time, and is not the petitioner's fault. The final factor—whether the petitioner's conditions of confinement resemble criminal punishment—further shows whether detention is for a bona-fide immigration purpose or is unjustified criminal punishment.

The petitioner's detention is presumptively unreasonable; it has lasted more than six months and is likely to continue for more, without sufficient justification. The detention violates the Fifth Amendment's Due Process Clause.[2] The court **orders** the respondents to release the petitioner from custody unless the government provides a bond hearing before an immigration judge by **October 6, 2026**. If a bond hearing is held, the government bears the burden of proving, by clear and convincing evidence, that the petitioner presents a risk of flight or a danger to the community. The parties must **confer** and **file** a joint update with the court by **October 8, 2026**, informing the court of the result of any hearing, and the petitioner's custody status. The respondents' motion for summary judgment (Docket Entry No. 6) is **denied** and the petition for a writ of habeas corpus is **granted in part**.

SIGNED on September 29, 2026, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge

[2] The court recognizes that the Fifth Circuit has stayed the judgment of the district courts in the three cases underlying *Sosnova Rodriguez* pending rehearing en banc. *See Sosnava Rodriguez v. Ortega*, 183 F.4th 387, 388 (5th Cir. 2026). Upon review, the three district court opinions at issue granted habeas relief on the grounds of procedural due process. This court's analysis turns only on substantive due process. At this time—and given that the Fifth Circuit did not explain its decision and the underlying motion remains sealed—the court concludes that it may continue to rule on the substantive due process issue.